**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| LARRY R. STIFF § | |
| § | |
| V. § | CASE NO. 4:07-CV-79 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED

**<u>HISTORY OF THE CASE</u>**

Plaintiff filed for DIB in May of 2003, alleging an onset date of disability of March 18, 2003. Plaintiff was denied for DIB initially and after reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and a hearing was held on November 14, 2005. At the hearing, Plaintiff appeared with counsel. Barbara Dunlap, a vocational expert, and Dr. O.D. Raulston, a medical expert, were also in attendance. On July 12, 2005, the ALJ issued a partially favorable decision, denying ongoing benefits after October 29, 2003. The Appeals Council denied Plaintiff request for review. Plaintiff then initiated this suit under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on March 18, 2002, the alleged onset date, and he acquired sufficient quarters of coverage to remain insured at least through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since March 18, 2002.

3. The medical evidence establishes that the claimant has degenerative disc disease, bilateral hearing loss, and depression, impairments that cause significant occupational limitations but that do not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant, beginning March 18, 2002 and continuing through October 29, 2003, could not perform his past relevant work and was unable to perform substantial gainful activity at any level or skill exertion. He was therefore disabled, within the meaning of the Social Security Act. 20 C.F.R. 404.1520(f) and 416.920(f) and section 201.00(h) of Appendix 2 (the Medical-Vocational Guidelines).

5. For the period after October 29, 2003 and through the date of this decision, the claimant's statements concerning his impairments and their impact on his ability to work are credible only to the extent that he has medical difficulties that impede his ability to perform some types of work; however, in light of the reports of the treating and examining practitioners, the medical history, and the testimony of the expert witnesses, his allegation that he cannot walk at all is unsupported by the record after that date.

6. Beginning October 30, 2003, the claimant experienced medical improvement directly related to his ability to work. He regained physical capabilities that are consistent with the exertional requirements of a modified range of work at the sedentary exertional demand level. 20 C.F.R. 404.1594(b)(3) and 416.994(b)(3).

7. The claimant's allegation of disabling pain is not credible after October 29,

        2003 because evidence documents a reduction in symptoms that corresponds to an increase in his residual functional capacity.

8. On the disability cessation date of October 29, 2003, the claimant was 44 years of age. His is in the category defined as a "younger person." He has a high school education.

9. Considering the claimant's age, education, residual functional capacity, the issue of transferability of vocational skills is not material.

10. Based on an exertional capacity for sedentary work and considering claimant's age, educational background, and work experience, sections 404.1569 and 416.969 of the regulations and rule 201.28, Table 1 of the Medical-Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2) would direct a conclusion of "not disabled" after October 29, 2003.

11. Although the claimant was unable to perform all the exertional and non-exertional requirements of sedentary work after October 29, 2003, he was capable of making vocational adjustments to other occupations. A finding of "not disabled" is therefore reached within the *framework* of the above-cited medical-vocational rule.

12. Beginning March 18, 2002, the claimant was under a disability as defined in the Act and derivative regulations, and his ability continued through October 29, 2003, but not thereafter. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

(T.R. 34-35).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than

a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not re-weigh the evidence in the record, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step sequential evaluation is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment

corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). In this case, the determination was made at this step because the ALJ found that, since October 29, 2003, the Plaintiff has been capable of doing some types of work in the national economy.

## ANALYSIS

Plaintiff's first point of error is that the ALJ improperly used the Medical Improvement Standard as set out in 20 C.F.R. § 404.1594(f). Plaintiff argues that in a "closed period" case, such as this one, 20 C.F.R. § 404.1594(f) requires a more lengthy eight-step analysis instead of the traditional five-step analysis, which Plaintiff contends the ALJ did not perform. Plaintiff asserts that the eight-step analysis requires that the ALJ compare the Plaintiff's residual functional capacity during

5

the periods of disability to his residual functional capacity during the period of purported medical improvement, *see* 20 C.F.R. § 404.1694(c)(3)(ii), and that the ALJ listed Plaintiff's functional limitations after, but not during, the closed period.

The Commissioner argues that a determination that medical improvement has occurred must be based on changes or improvements in the symptoms, signs, and laboratory findings associated with the claimant's impairment and that medical improvement is related to an increase in the claimant's capacity to do basic work activities. *See* 2 C.F.R. §§ 404.1594(a), 404.1594(b)(3), 46.994(a), 416.994(b)(2)(I) (2001). The Commissioner asserts that the ALJ provided such an evaluation in his decision.

The implementing regulations define a medical improvement as "any decrease in the severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). Medical improvements are based on changes in the symptoms, signs, and/or laboratory findings associated with the claimant's impairment(s). *Id.; Griego v. Sullivan,* 940 F.2d 942, 944 (5th Cir. 1991). Medical improvement is related only to an individual's ability to work "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable medical decision and an increase in ... functional capacity to do basic work activities." 20 C.F.R. § 404.1594(b)(3). For the second part of the evaluation process, the ability to engage in substantial gainful activity, the implementing regulations incorporate most of the standards set forth in the regulations governing initial disability determinations and the same general sequential evaluation process. *See* C.F.R. §§ 404.1520 and 404.1594. The Court finds that the ALJ complied with the

6

provision in his analysis. Therefore, the first point of error is overruled.

Plaintiff's second point of error is that the ALJ's decision regarding Plaintiff's depression was ambiguous. Plaintiff argues that the ALJ overlooked important evidence, namely the Plaintiff's Global Assessment of Functioning Score of 45, when making his severity determination regarding Plaintiff's depression and that the ALJ should have found the depression to be severe. The Commissioner argues that the ALJ specifically addressed Plaintiff's depression for the relevant time frame and determined that it was not severe.

Plaintiff appears to argue that the ALJ should have had the VE testify for the closed period so that a baseline comparison could be made to the period under consideration. Plaintiff cites no Circuit precedent for this proposition. Of course, issues as to credibility and disability are reserved for the Commissioner. Clearly, the ALJ is the proper person to determine claimant's credibility concerning statements made in regards to subjective pain observations. The ALJ's credibility determinations should be given judicial deference if such a determination is "supported by substantial record evidence." *Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990). The ALJ's decision here details his reasons for his determination. As to Stiff's low GAF score, federal courts have declined to find a direct correlation between an individual's GAF score and the ability or inability to work. *See Dais v. Astrue,* 2008 WL 517238 (N.D. Tex. 2008). The ALJ mentioned and discussed Stiff's GAF score but found that Stiff was not as limited as he now claims citing to Stiff's testimony. Stiff's second point of error is overruled.

Plaintiff's third point of error is that the ALJ failed to properly assess Plaintiff's pain disorder. Plaintiff argues that the ALJ should have clarified the severity of the impairment rather than simply

7

mentioning that Plaintiff suffered from a pain disorder. The Commissioner asserts that the ALJ properly considered Plaintiff's complaints and found that they were not entirely credible because they were not supported by the record as a whole.

The ALJ's assessment of the disabling nature of Stiff's pain is due considerable deference. *See Chambliss v. Massanari,* 269 F.3d 520,522 (5th Cir. 2001). Stiff's brief devotes three lines to his argument, while the ALJ devotes almost three pages to his consideration of Plaintiff's pain. The evidence was thoroughly discussed by the ALJ, and no error is shown.

Plaintiff's fourth and final point of error is that the ALJ erred in not addressing several specific pieces of evidence. Plaintiff argues that as a general matter of administrative law, an ALJ must address important medical evidence, *see, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), and that, in this case, the ALJ did not consider all of the important medical evidence. Plaintiff also notes that he submitted additional evidence to the Appeals Council, which is part of the record, that should be reviewed by this court. *See Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005).

The Commissioner argues that the ALJ addressed all relevant evidence in the record. The Commissioner asserts that the ALJ is not required to discuss every piece of evidence in the record. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994). The Commissioner further argues that the ALJ must merely articulate his reasoning and show that his conclusions are supported by the record. The Commissioner contends that the ALJ fulfilled his duty in this case.

The regulations provide a claimant with the opportunity to forward new and material evidence to the Appeals Council for consideration in deciding whether to grant a request for review of an

ALJ's decision. *See* 20 C.F.R. § 404.970(b). Evidence submitted for the first time to the Appeals Council is considered part of the record upon which the Commissioner's decision complained of is based. *Higginbotham v. Barnhart,* 405 F.3d 332, 337 (5th Cir. 2005). The court's role is to consider the administrative record as a whole, which includes the additional evidence submitted to the Appeals Council, in deciding if the Commissioner's decision is supported by substantial evidence. *See id.* at 337-38. Unpublished Fifth Circuit cases issued in the wake of *Higginbotham* suggest that courts should avoid remanding cases based on evidence newly submitted to the Appeals Council without meaningful regard for the substantial evidence standard. *See Jones v. Astrue,* 228 Fed. App'x 403, 406-07 (5th Cir. Mar. 29, 2007); *Higginbotham v. Barnhart,* 163 Fed. App'x 279, 281-82 (5th Cir. 2006) (*Higginbotham II* ). Instead, the new evidence is to be considered along with all other evidence in the record to determine if it dilutes the record to the point that the ALJ's determination is insufficiently supported. *Higginbotham II,* 163 Fed. App'x at 282; *see also Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir. 1992).

Here, Dr. Blair points out that Stiff's MRI studies are essentially unremarkable. He notes that the biggest problem is Stiff's depression. Blair notes that Stiff, in his opinion, cannot gainfully work because of low back pain and depression. The ALJ specifically noted and cited Dr. Blair's reports which predate his latest by four months. Nothing remarkable differs in the reports except that Blair adds that Stiff cannot work at the time and should come back for a follow-up. Again, disability is reserved for the ALJ. Considering the entire record the ALJ's decision is sufficiently supported, point four is overruled.

**RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). The parties are directed to file a response to any objections to the Magistrate Judge's Report and Recommendation within ten days of the filing of the objections.

**SIGNED this 15th day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE